## COURT OF APPEALS, MAY TERM, 1849.

JAMES RICE, Plaintiff in Error, vs. EDWARD FLOYD, Defendant in Error.

The *verdict of a jury*, upon a question of fact, upon the trial of which there is a question as to the credibility of the witnesses by which it is sought to be proved, is a final determination of the case. A court will not interfere with such decision.

This was an action of *trespass*, commenced before a justice of the peace. Floyd sued Rice for taking and selling a set of harness. The plaintiff proved his case by two witnesses, and the defendant gave evidence tending to show that the general character of the plaintiff's witnesses was bad, and that they were not to be believed under oath. The plaintiff then introduced several witnesses to sustain the general character of those by whom he proved his case, and the jury found a verdict in favor of the defendant. The plaintiff sued out a certiorari to the County Court, and that court *reversed* the judgment of the justice on the ground that the verdict of the jury was contrary to the weight of evidence. The defendant brought a writ of error to the Supreme Court, where the decision of the County Court was *affirmed*. That court *held*, that it was a question of fact, whether the harness belonged to the plaintiff, Floyd, or to Thomas Biggs, the defendant, in the execution under which it was taken and sold. That the testimony as to Floyd's ownership, was all on one side. That there was no contradictory evidence, except a feeble attempt to impeach the credibility of the plaintiff's two material witnesses. That this attempt was met and successfully overthrown by a still greater number of witnesses, sustaining their characters. That the verdict was not only against the weight of evidence, but was without evidence to support it. That it was therefore a case in which the County Court was authorized to *reverse* the judgment below. (13 Wend. 76.)

The defendant, Rice, brought a writ of error to this court.

N. HILL. Jr., *for plaintiff in error.*

J. E. BURRILL, Jr., *for defendant in error.*

THE COURT, upon the argument, *reversed* the judgment of the Supreme Court, and County Court, and *affirmed* that of the justice, upon the ground that it being a question of fact, and a question as to the credibility of the witnesses by which that fact was sought to be established, made it a proper case for the decision and final determination by the jury.